Shahed FARASAT, Plaintiff

v.

Debbie PAULIKAS, CTF Hotel Management Corporation and Marriott International, Inc., Defendants

No. CIV. H—97–1488.

United States District Court,
D. Maryland.

June 11, 1997.

Samuel Sperling and Sperling and Framm, Baltimore, MD, for plaintiff.

Todd J. Horn and Venable, Baetjer and Howard, Baltimore, MD, for defendants.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Senior District Judge.

This civil action was filed in the Circuit Court for Baltimore City and was removed by defendants to this Court pursuant to 28 U.S.C. § 1441. Plaintiff is an Iranian-born male who was formerly employed at the Renaissance Harborplace Hotel (the "Hotel") in Baltimore. He was fired on March 27, 1994. This suit was filed in the state court on March 24, 1997. Named as defendants are Debbie Paulikas (plaintiff's supervisor), CTF Hotel Management Corporation and Marriott International, Inc.

The complaint and the proposed amended complaint contain five counts. In Counts I and II, plaintiff has sued defendants for employment discrimination under 42 U.S.C. § 1981. The other three counts assert claims under state law. In Count III, plaintiff alleges intentional infliction of emotional distress. In Count IV, plaintiff alleges abusive discharge based on employment discrimination. In Count V, plaintiff alleges that his employer, by terminating plaintiff, breached a duty of good faith owed to him.

Pending before the Court are defendants' motion to dismiss and plaintiff's motion to amend complaint. Memoranda in support of and in opposition to these motions have been filed by the parties. No hearing is necessary. *See* Local Rule 105.6. For the reasons stated herein, plaintiff's motion to amend complaint will be granted, and defen-

dants' motion to dismiss Counts I, III, IV and V of the amended complaint will also be granted. The only claim remaining in this case will be plaintiff's allegation in Count II of the amended complaint that he was discharged because of his race in violation of § 1981.

## I

### Plaintiff's Motion to Amend the Complaint

■ In the complaint which he filed in the Circuit Court for Baltimore City, plaintiff in Counts I and II asserted claims under § 1981 based on his sex (male) and his national origin (Iranian). Plaintiff now concedes that his claims of sex discrimination and sexual harassment cannot be brought under § 1981. *See Duane v. GEICO*, 784 F.Supp. 1209, 1216 (D.Md.1992), *aff'd*, 37 F.3d 1036 (4th Cir.1994). Plaintiff further acknowledges that § 1981 does not apply to discrimination based on the place or nation of a plaintiff's origin. *Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *see also Duane*, 784 F.Supp. at 1216.

In his motion seeking leave to amend, plaintiff asks this Court to allow him to amend his complaint to strike the words "national origin" and insert the word "race" throughout the complaint. Relying on *Saint Francis College* and *Cuello Suarez v. Puerto Rico Electric Power Authority*, 798 F.Supp. 876, 890–91 (D.P.R.1992), *aff'd*, 988 F.2d 275 (1st Cir.1993), plaintiff contends that courts considering the issue presented in this case have broadly construed the term "race" and have extended the protection of § 1981 to any person suffering discrimination on the basis of his or her ethnic ancestry or background.

In responding to plaintiff's motion for leave to file an amended complaint, defendants indicate that they are not objecting to the Court's granting plaintiff leave to amend his complaint to raise a claim of race discrimination under § 1981. Indeed, defendants have now filed an answer to Count II of the amended complaint. However, defendants continue to press their contentions that all counts of the amended complaint other than Count II should be dismissed.

Under the circumstances, the Court will grant plaintiff's motion to amend complaint. The amended complaint will be deemed to have been filed today. The Court will, however, proceed to rule on defendants' motion to dismiss, which now challenges Counts I, III, IV and V of the amended complaint.

## II

### The Motion to Dismiss

#### (a)

#### Count I—Claim Under § 1981

■ Defendants first argue that the claim asserted by plaintiff in Count I of the amended complaint is barred by limitations. The parties agree that Maryland's three year limitations period applies to a § 1981 claim. *Davis v. Bethlehem Steel Corp.*, 600 F.Supp. 1312, 1321 (D.Md.), *aff'd*, 769 F.2d 210 (4th Cir.), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 573, 88 L.Ed.2d 557 (1985). Plaintiff was fired on March 27, 1994, and this suit was filed on March 24, 1997. Count II challenges as racially discriminatory under § 1981 the termination of his employment on March 27, 1994. Since suit was filed within the three year period, plaintiff's claim asserted in Count II is not barred by limitations.

The claim asserted by plaintiff in Count I is based on discriminatory acts and harassment occurring during the period of his employment. Quite obviously, these acts must necessarily have occurred before March 27, 1994. Indeed, the fact that there are different bases for Count I and Count II of the amended complaint is acknowledged by plaintiff. According to plaintiff, his rights were breached in two separate ways, "first with regard to his enjoyment of the conditions of his employment, and again in the dissolution of that relationship (his termination) which is the classical formulation of the protection of § 1981." (Defendants' Memorandum in Opposition, p. 6). The enjoyment by plaintiff of the conditions of his employment necessarily occurred before the date of his firing. From its review of the amended complaint, the Court concludes that the acts challenged in Count I all occurred

more than three years before this suit was filed. There is no indication in the amended complaint that the discriminatory and harassing acts occurred only during the four days between March 24 and March 27, 1994. Indeed, plaintiff was on vacation until March 25, 1994, and, when he returned, he was given a written warning and suspended for conduct which allegedly occurred on March 13, 1994. He claims that the Hotel had not investigated the circumstances behind his conduct before suspending him. However, all of those circumstances occurred well before he was fired.

■ There is no merit to plaintiff's contention that Count I is based on a continuing violation. Inasmuch as the statute of limitations in an employment discrimination case begins to run at the time of the discriminatory act and not when the consequences of the act become painful, the firing of an employee cannot constitute a continuing violation. *Conner v. Reckitt & Colman, Inc.,* 84 F.3d 1100, 1102 (8th Cir.1996). Nor can plaintiff avoid the bar of limitations in this case on the ground that he has alleged a "pattern" of harassment. Plaintiff has not in the amended complaint identified any instances of harassment which occurred within the three year limitations period. The only incident challenged by plaintiff which occurred during the non-barred four day period in March of 1994 is his dismissal. Although he received a written warning and was suspended on March 25, 1994, these events were based on earlier discriminatory conduct of defendants which allegedly occurred on March 13, 1994.

For these reasons, this Court concludes that Count I of plaintiff's complaint is barred by limitations. The only § 1981 claim which remains in this case is plaintiff's allegation in Count II that he was subjected to a discriminatory discharge because of his race.

(b)

*Count III—Intentional Infliction*
*of Emotional Distress*

■ In Count III of the amended complaint, plaintiff alleges a claim under state law of intentional infliction of emotional distress. The elements of such a claim were set forth by the Court of Appeals of Maryland in

*Harris v. Jones,* 281 Md. 560, 566, 380 A.2d 611 (1977), as follows:

(1) The conduct must be intentional or reckless;

(2) The conduct must be extreme and outrageous;

(3) There must be a causal connection between the wrongful conduct and the emotional distress; and

(4) The emotional distress must be severe.

■ Each of these elements must be pled and proved with specificity. *Foor v. Juvenile Services Admin.,* 78 Md.App. 151, 175, 552 A.2d 947, *cert. denied,* 316 Md. 364, 558 A.2d 1206 (1989). A plaintiff must set forth facts which, if true, would suffice to demonstrate that all the elements exist. *Id.*

In support of his Count III claim, plaintiff relies on the following allegations:

1. That defendant Paulikas committed acts of sexual harassment against plaintiff, including grabbing him and hugging him as well as grabbing his arm and rubbing herself against him;

2. That Paulikas made verbal statements designed to sexually harass plaintiff;

3. That Paulikas stated that she would sleep with plaintiff ahead of her boyfriend; and

4. That Paulikas told plaintiff's girlfriend, when she called him at work, that plaintiff was "under the table and would not be done for a while."

■ Following its review of the applicable Maryland cases, this Court has concluded that the claim asserted by plaintiff in Count III must be dismissed. The tort of intentional infliction of emotional distress is rarely viable. *Bagwell v. Peninsula Regional Medical Center,* 106 Md.App. 470, 514, 665 A.2d 297 (1995), *cert. denied,* 341 Md. 172, 669 A.2d 1360 (1996). Maryland courts have established a high standard of culpability before conduct can be considered "extreme and outrageous." *Harris,* 281 Md. at 566–572, 380 A.2d 611. Plaintiff has failed to allege conduct on the part of defendant Paulikas which was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as

atrocious and utterly intolerable in a civilized society." *Id.* 281 Md. at 567, 380 A.2d 611. To be actionable, the conduct relied upon "must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Hamilton v. Ford Motor Credit Co.,* 66 Md.App. 46, 59–60, 502 A.2d 1057, *cert. denied,* 306 Md. 118, 507 A.2d 631 (1986). Particularly in an employment situation, a plaintiff faces insuperable hurdles in attempting to plead a proper claim of intentional infliction of emotional distress. *See Kentucky Fried Chicken Nat'l Management Co. v. Weathersby,* 326 Md. 663, 666–69, 607 A.2d 8 (1992). The allegations relied upon here do not satisfy the requirement of the Maryland cases that a plaintiff must specifically plead extreme and outrageous conduct.

Moreover, plaintiff has done no more than conclusorily allege that he suffered "severe emotional distress" and "mental anguish." To proceed further with a claim like this one, a plaintiff must allege " 'a severely disabling emotional response', so acute that 'no reasonable man could be expected to endure it.' " *Leese v. Baltimore County,* 64 Md.App. 442, 471, 497 A.2d 159, *cert. denied,* 305 Md. 106, 501 A.2d 845 (1985). The allegations of Count III do not satisfy this requirement. There are no allegations in the amended complaint that plaintiff was ever treated by a physician for his mental anguish, that he was ever hospitalized because of a severely disabling emotional condition, that he lost sleep or weight, or that he was unable subsequently to live a normal life. Plaintiff's reliance on *Young v. Hartford Accident & Indemnity Co.,* 303 Md. 182, 492 A.2d 1270 (1985), is misplaced. In that case, the plaintiff was forced to undergo repeated medical examinations, was required to receive psychiatric care, was totally disabled as a result of her psychosis, attempted suicide, and was admitted to a psychiatric hospital. No such allegations are present in this case.

For these reasons, defendants' motion to dismiss Count III of the complaint will be granted.

(c)

### Count IV—Abusive Discharge

In Count IV of the amended complaint, plaintiff has asserted a claim under state law for "common law discrimination/wrongful termination." Although not designated by plaintiff as such, the cause of action under Maryland law is one brought for abusive discharge by an at-will employee pursuant to *Adler v. American Standard Corp.,* 291 Md. 31, 43, 432 A.2d 464 (1981). Under *Adler,* plaintiff is required to plead and prove that his discharge "contravened some clear mandate of public policy." *Id.* 291 Md. at 43, 432 A.2d 464.

However, it is well established that Maryland law does not recognize a claim for abusive discharge when the statute setting forth the particular mandate of public policy contains its own remedy for vindicating the public policy violation in question. *Makovi v. Sherwin–Williams Co.,* 316 Md. 603, 561 A.2d 179 (1989). Here as in *Makovi,* the employment discrimination in question is prohibited by both Title VII of the Civil Rights Act of 1964 and Article 49B of the Maryland Annotated Code. Since those statutes provide remedies for the allegedly wrongful action, the plaintiff may not proceed in this case with his claim of abusive discharge alleged in Count IV of the amended complaint. *Makovi,* 316 Md. at 626, 561 A.2d 179; *Crosten v. Kamauf,* 932 F.Supp. 676, 686 n. 4 (D.Md.1996).

Plaintiff argues that he should be permitted to go forward with his Count IV claim because he may not be able to prevail in holding defendant Paulikas individually liable for discrimination under § 1981. If defendant Paulikas was the official who was responsible for plaintiff's discharge, she could be held liable for a discriminatory discharge under Title VII. *See McAdoo v. Toll,* 591 F.Supp. 1399, 1404 (D.Md.1984). Similarly, she could be held liable under § 1981. The standard for analyzing discrimination claims brought under Title VII and those brought under § 1981 are identical. *Burtnick v. McLean,* 953 F.Supp. 121, 123 (D.Md.1997). If defendant Paulikas was not responsible for

plaintiff's firing, she could not in any event be sued for abusive discharge.

Plaintiff further contends that his claim in Count IV is based on wrongful harassment which is not redressed by Title VII. The allegations of Count IV belie this argument. Plaintiff has in Count IV relied both on the termination of his employment and on sexual harassment to which he was allegedly subjected. Clearly, Title VII furnishes a remedy both for a discriminatory termination of a plaintiff's employment and for sexual harassment. *See Crosten,* 932 F.Supp. at 686 n. 4. Whether or not plaintiff is eventually able to prevail on his § 1981 claim, he is not under the circumstances here entitled to assert a claim of abusive discharge under *Adler. Chappell v. Southern Maryland Hosp., Inc.,* 320 Md. 483, 497, 578 A.2d 766 (1990); *Orci v. Insituform East, Inc.,* 901 F.Supp. 978, 984 (D.Md.1995).

For these reasons, defendants' motion to dismiss Count IV will also be granted.

### (d)

### *Count V—Breach of Duty of Good Faith*

 In Count V, plaintiff alleges that he had a contractual relationship with his employer and that defendants breached the duty of good faith owed to him. Maryland law clearly does not permit an employee like plaintiff to assert a claim like the one contained in Count V. Plaintiff was an at-will employee. As such, his employment could be terminated at any time and defendants owed him no duty of good faith. *Suburban Hosp., Inc. v. Dwiggins,* 324 Md. 294, 596 A.2d 1069 (1991); *see also Crosten,* 932 F.Supp. at 686.

Plaintiff suggests that a contract of employment existed between him and the Hotel as a result of defendants' conduct and employee relations. However, there are no allegations to this effect in Count V. In any event, plaintiff cannot in this case rely on provisions of the Hotel's handbook in support of a contention based on *Staggs v. Blue Cross of Maryland, Inc.,* 61 Md.App. 381, 486 A.2d 798, *cert. denied* 303 Md. 295, 493 A.2d 349 (1985) that an implied contract of employment existed. He specifically acknowledged on receipt of the handbook that it in no way created an express or implied contract of

employment. *See Castiglione v. Johns Hopkins Hosp.,* 69 Md.App. 325, 339–40, 517 A.2d 786 (1986), *cert. denied,* 309 Md. 325, 523 A.2d 1013 (1987); *Butler v. Westinghouse Elec. Corp.,* 690 F.Supp. 424, 429 (D.Md. 1987). Since no contract of employment existed between plaintiff and the Hotel, his claim under Count V must likewise fail.

For these reasons, defendants' motion to dismiss will also be granted as to Count V.

### III

### *Conclusion*

For all the reasons stated, it is this 11th day of June, 1997 by the United States District Court for the District of Maryland,

ORDERED:

1. That plaintiff's motion to amend complaint is hereby granted; and

2. That defendants' motion to dismiss Counts I, III, IV and V of the amended complaint is hereby granted.