David C. SILVERA

v.

HOME DEPOT U.S.A., INC.

No. CIV. DKC 00–2529.

United States District Court,
D. Maryland.

March 11, 2002.

James F. Shelton, Jr., Shein and Shelton, Silver Spring, MD, for plaintiff.

Robert L. Duston, Linda Grace Hill, Schmeltzer Aptaker and Shepard, Washington, DC, for defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Plaintiff David C. Silvera brought this diversity action seeking damages for wrongful discharge, false imprisonment, malicious prosecution, defamation, and intentional infliction of emotional distress. Defendant's motion for summary judgment is pending and ready for resolution. No hearing is deemed necessary. Local Rule 105.6 (D.Md.). For the reasons set forth below, Defendant's motion for summary judgment will be granted.

### 1. *Background.*

The following facts are either undisputed or are construed in the light most favorable to Plaintiff.

Defendant Home Depot U.S.A., Inc. (Home Depot) hired Mr. Silvera in August 1995 as a cashier. He held this position until his discharge on June 19, 1999. The events of that day are the subject of this dispute.

On June 19, 1999, Angelo Crump, while shopping in Home Depot, was observed by store manager Rob Woodward removing a security tag from a wet saw. Pl.'s Opp'n at 2; Woodward Dep. at 70–73. The manager notified loss prevention personnel, who undertook surveillance of Crump. Woodward Dep. at 71; Davis Dep. at 49; Metellus Dep. at 75. Crump subsequently proceeded to cashier Silvera's checkout at lane number thirteen. Mr. Silvera scanned items in Mr. Crump's cart, Mr. Crump paid for the items and left the store. Pl.'s Opp'n at 1–2; Def.'s Mot. Summ. J. at Ex. 18.

At least one of the security officers, Metellus, watched Crump exit the store immediately after leaving Silvera's register, although Crump was not within anyone's surveillance for a minute or so after he left the store while Davis checked the register tape. Metellus Dep. at 109, 122. Shortly after leaving Mr. Silvera's line, Home Depot security personnel Michael Davis and Billy Metellus apprehended Mr. Crump in the parking lot for allegedly stealing a large wet saw, valued at approximately $298, and nippers valued at $18.50. The receipt Mr. Crump had received from Mr. Silvera showed that the saw and nippers had not been scanned. Def.'s Mot. Summ. J. at Ex. 18. Mr. Crump was escorted to the Home Depot security offices, where he admitted that he had stolen the items, and he implicated Mr. Silvera under a conspiracy theory. Def.'s Mot. Summ. J. at Ex. 20 and Ex. 21; Davis Dep. at 85–86; Davis Decl. at ¶¶ 5, 8.

Home Depot security then located Mr. Silvera in the break room and asked him to go to the assistant manager's office. Mr. Silvera went willingly and cooperated with the investigation. Silvera Dep. at 192. During the investigation Mr. Silvera denied knowing Mr. Crump, denied that Mr. Crump had the saw and nippers when he checked out, and denied any participation in a conspiracy.[1] Silvera Dep. at 136–38. He admitted, however, that had the saw been in the cart, it would have been too large for an experienced cashier like himself to have missed. Silvera Dep. at 165.

Home Depot management decided to call the police and to press charges against both Mr. Crump and Mr. Silvera. The

---

1. Davis and Metellus, in contrast, claim that they observed the saw in Mr. Crump's cart as he went through Mr. Silvera's line. Davis Dep. at 54, 61, 66, 69; Metellus Dep. at 96–97, 104.

police arrested Mr. Silvera, placed him in handcuffs, and escorted him through the store and out the front door to the police car. The police released Mr. Crump, telling Home Depot management they would have to swear out a warrant for his arrest. Management later did this, and Mr. Crump pled guilty to the theft. On October 18–19, 1999, Mr. Silvera was acquitted of all charges in a criminal trial.

## 2. *Summary Judgment Standard.*

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir.1990). A genuine dispute exists if a reasonable factfinder could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505. Only disputes over facts that might affect the outcome of the case under governing law will preclude summary judgment. *Id.* at 252, 106 S.Ct. 2505; *Thompson Everett, Inc. v. National Cable Advertising*, 57 F.3d 1317, 1323 (4th Cir.1995).

The moving party bears the initial burden of demonstrating that there is no genuine issue as to any material fact. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979). The moving party may meet this burden by demonstrating the absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party then must, through affidavits or other kinds of evidentiary material listed in Rule 56(c), demonstrate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. The non-moving party cannot rely on "the mere

pleadings themselves," or simply set forth speculation, allegations, or denials to demonstrate genuine issues of fact. *Id.*

The court must not weigh the evidence. Rather, the court must determine whether enough evidence exists to enable a reasonable factfinder to find in favor of the non-moving party. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. The court must view all facts and inferences most favorably to the non-moving party, who is entitled to have the credibility of his evidence assumed, his version of events in dispute accepted, and internal conflicts resolved in his favor. *Charbonnages de France*, 597 F.2d at 414. However, the non-moving party is only entitled to inferences that "fall within the range of reasonable probability." *Thompson Everett*, 57 F.3d at 1323.

## 3. *Discussion.*

### A. *Vicarious Liability.*

■ All of Mr. Silvera's claims stem from the alleged falsehoods of Home Depot security personnel Davis and Metellus, who claimed that Mr. Crump had the wet saw when he went through Mr. Silvera's line. Home Depot argues that it is not vicariously liable for any falsehoods by its security employees. This argument fails because if Davis and Metellus lied, they may nevertheless have been acting within the scope of employment and it is not possible, on this record, to find as a matter of law that they were not acting within the scope of employment.

■ The doctrine of *respondeat superior* allows an employer to be held vicariously liable for the tortious conduct of its employee when that employee was acting within the scope of the employment relationship. *Dhanraj v. Potomac Elec. Power Co.*, 305 Md. 623, 506 A.2d 224, 226 (1986).[2] "To be within the scope of the

---

**2.** The parties do not dispute that Maryland law controls in this diversity action.

employment the conduct must be of the kind the servant is employed to perform and must occur during a period not unreasonably disconnected from the authorized period of employment in a locality not unreasonably distant from the authorized area, and actuated at least in part by a purpose to serve the master." *East Coast Freight Lines v. Mayor of Baltimore*, 190 Md. 256, 58 A.2d 290, 304 (1948); *see also Sawyer v. Humphries*, 322 Md. 247, 587 A.2d 467, 471 (1991). Many factors are considered, including whether the act is one commonly done by such servant; the time, place, and purpose of the act; the similarity in quality of the act done to the act authorized; the extent of departure from the normal method of accomplishing an authorized result; and whether the act is seriously criminal. *Sawyer*, 587 A.2d at 471.

Home Depot argues that it is not vicariously liable for any of the allegedly tortious or criminal acts of its employees Davis and Metellus. Home Depot contends that if, as Mr. Silvera claims, these employees lied about their observation of the saw in order to implicate Mr. Silvera in the theft, such acts were outside the scope of their employment. This argument fails as to their actions on the day of Mr. Silvera's arrest.

▮ Davis' and Metellus' actions of June 19, including any false statements they may have made, have not been shown, as a matter of law, to fall outside the scope of their employment. An act may be within the scope of the employment, even though forbidden or done in a forbidden manner, or consciously criminal or tortious. *Great Atlantic & Pacific Tea Co. v. Noppenberger*, 171 Md. 378, 189 A. 434, 440 (1937). Here, Home Depot hired Davis and Metellus to perform basic security duties such as looking for signs of theft or attempted theft. Walter Dep. at 20–21, 83–84; Woodward Dep. at 35. Davis was also authorized to make stops and to conduct investigative interviews. Walter Dep. at 39–40; Woodward Dep. at 38, 60; Davis Dep. at 21–23. While neither was authorized to lie, all of their actions were nevertheless closely connected to their duty to stop suspected shoplifters. Thus, Home Depot has not shown that it is not vicariously liable for Davis' and Metellus' actions connected to Mr. Silvera's arrest.

▮ The actions after June 19, the alleged perjury by Davis and Metellus at Mr. Silvera's trial, may have been beyond the scope of their employment, although, again, the record is inconclusive. Perjury is a seriously criminal act that is beyond the reasonable expectation of an employer. Further, it is removed from the time, place, and date of Mr. Silvera's arrest, and is not the kind of act Davis and Metellus were employed to perform. Providing testimony as to alleged crimes in the store, however, may have been the type of work they were employed to perform, and, unless there was an independent personal motive, they may have been attempting to further the employer's business by thwarting employee assisted theft. The record on this point is, thus, conflicting and incomplete. The court will assume, for purposes of summary judgment, that Home Depot may be vicariously liable for the acts of its security personnel.

### B. Count I—Wrongful Discharge.

▮ Maryland recognizes a claim for wrongful discharge if an employee is fired in violation of a clear mandate of public policy. *Adler v. American Standard Corp.*, 291 Md. 31, 432 A.2d 464, 473 (1981). Claims are limited to situations where the employee has been terminated for exercising a specific legal right or duty or where the employee has been fired for

refusing to violate the law or the legal rights of a third party. *Thompson v. Memorial Hosp. Inc.,* 925 F.Supp. 400, 406 (D.Md.1996) (citations omitted).

 Home Depot argues that Mr. Silvera has failed to allege a violation of public policy, and Mr. Silvera has not addressed this contention in his opposition memorandum. The only public policy violation Mr. Silvera alleged during discovery was a failure to investigate the incident adequately before terminating his employment. Def. Ex. 32, Pl.'s Answer to Interrog. No. 10. Under Maryland law, however, firing an employee based on unsubstantiated allegations without proof and without a full investigation may be "foolish," but does not contravene any clear mandate of public policy. *Beery v. Maryland Med. Lab., Inc.,* 89 Md.App. 81, 597 A.2d 516, 523 (1991). Accordingly, Mr. Silvera has failed to state a violation of public policy, and Defendant's motion for summary judgment on Count I will be granted.

*C. Count II—False Imprisonment.*

 To prevail on his claim of false imprisonment, Mr. Silvera must show that Home Depot deprived him of his liberty without his consent and without legal justification. *Montgomery Ward v. Wilson,* 339 Md. 701, 664 A.2d 916, 926 (1995) (citations omitted). A private party who wrongfully detains an individual without probable cause while waiting for police to arrive to make a formal arrest may be liable for false imprisonment. *Id.* In addition, one who falsely informs the police that a factual basis exists for a warrantless arrest may be liable for false imprisonment even though the police officer would not be. *Id.* A retail merchant with probable cause, however, has a complete defense to false imprisonment. MD. CODE ANN., Cts. & Jud. Proc. § 5–402.

 Probable cause exists under Maryland law where there is "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the accused is guilty." *Banks v. Montgomery Ward & Co.,* 212 Md. 31, 128 A.2d 600, 604 (1957) (citations omitted). Probable cause is determined by the facts known at the time the prosecution was instituted. *Id.* at 604–05. If the facts regarding probable cause are undisputed, then the question of probable cause is one of law for the court. *Gladding Chevrolet, Inc. v. Fowler,* 264 Md. 499, 287 A.2d 280, 284 (1972) (citations omitted).

Here, Home Depot had probable cause without the factually contested observations of security personnel Davis and Metellus. The undisputed facts show that, prior to Mr. Silvera's arrest, 1) Mr. Crump removed a security sensor tag from a large saw, 2) Mr. Crump then went through Mr. Silvera's checkout line; 3) Mr. Crump was then apprehended with two stolen items, admitted his guilt, claimed he had the shoplifted items in his cart when he went through Mr. Silvera's line, and claimed that Mr. Silvera was involved in the theft; and 4) if Mr. Crump did have the items, an experienced cashier like Mr. Silvera could not have missed them. Woodward Dep. at 70–73; Def.'s Mot. Summ. J. at Ex. 18, 20, 21; Silvera Dep. at 165. These facts justify a reasonable belief that Mr. Silvera was guilty and constitute probable cause without reference to the contested statements of Davis and Metellus. Accordingly, Home Depot has a complete defense to false imprisonment, and its motion for summary judgment on Count II will be granted.

*D. Count III—Malicious Prosecution.*

 Probable cause must also be absent to sustain a claim for malicious

prosecution. *DiPino v. Davis*, 354 Md. 18, 729 A.2d 354, 373 (1999) (citations omitted) (listing the elements of malicious prosecution as (1) that a criminal proceeding was instituted or continued by the defendant against the plaintiff, (2) that the proceeding terminated in favor of the plaintiff, (3) the absence of probable cause for the proceeding, and (4) malice, meaning that a primary purpose in instituting the proceeding was other than that of bringing the plaintiff to justice). The existence of probable cause to arrest Mr. Silvera provides Home Depot with a complete defense to malicious prosecution. MD. CODE ANN., Cts. & Jud. Proc. § 5–402. Defendant's motion for summary judgment will be granted on Count III.

### E. Count IV—Defamation.

 To sustain his defamation claim, Mr. Silvera must establish that a defamatory statement was made to a third person, that the statement was false, that the defendant was legally at fault in making the statement, and that the plaintiff suffered harm. *Rosenberg v. Helinski*, 328 Md. 664, 616 A.2d 866, 871 (1992). A defamatory communication is one that exposes the plaintiff to public scorn, hatred, contempt, or ridicule, and discourages others in the community from having a good opinion of that person. *Batson v. Shiflett*, 325 Md. 684, 602 A.2d 1191, 1210 (1992).

Mr. Silvera's defamation claim is based on a statement Home Depot employee Cindy McIntyre allegedly made to another employee that, "I knew he was stealing from Home Depot. I knew it." Def.'s Ex.

32, Pl.'s Answer to Interrog. No. 8. Defendant challenged Plaintiff to come forward with admissible evidence of this alleged statement. Def.'s Mot. Summ. J. at 24, n. 10. However, no admissible evidence of this remark appears anywhere in the record. The only evidence of the statement is contained in Ms. Christy Fox's deposition; Ms. Fox testified that Mr. Diane told her that Ms. McIntyre made the statement. Fox Dep. at 50. That testimony is inadmissible hearsay. Accordingly, the defamation claim fails for lack of evidence.[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (noting that the non-moving party must, through affidavits or other kinds of evidentiary material listed in Rule 56(c), demonstrate specific facts showing that there is a genuine issue for trial). Summary judgment will be granted on Count IV.

### F. Count V—Intentional Infliction of Emotional Distress.

 In order to prove the tort of Intentional Infliction of Emotional Distress, a plaintiff must show (1) that the conduct was intentional or reckless, (2) that it was extreme and outrageous, (3) that there is a causal connection between the wrongful conduct and the emotional distress, and (4) that the emotional distress is severe. *Harris v. Jones*, 281 Md. 560, 380 A.2d 611, 614 (1977). Courts have rarely upheld such claims, and the Court of Special Appeals has cautioned that: "its balm [is] reserved for those wounds that are truly severe and incapable of healing

---

**3.** Mr. Silvera now claims that, "Notwithstanding the remarks by Ms. McIntyre, Home Depot is liable for defamation because it falsely accused Mr. Silvera of theft without probable cause, detained him in the store and had him arrested and led in handcuffs from the premises in front of his peers and customers. *See Caldor*, 625 A.2d at 970." Pl.'s Opp'n at

10. Home Depot responds that, discovery being closed, Mr. Silvera is bound by his failure to cite any statement other than Ms. McIntyre's to support his defamation claim. While this may be correct, even the new claim would fail because Home Depot had probable cause.

themselves." *Figueiredo–Torres v. Nickel*, 321 Md. 642, 584 A.2d 69, 75 (1991) (quoting *Hamilton v. Ford Motor Credit Co.*, 66 Md.App. 46, 502 A.2d 1057, 1065 (1986)). *See Batson v. Shiflett*, 325 Md. 684, 602 A.2d 1191, 1216 (1992) (identifying only three instances in which such claims were upheld).

Mr. Silvera claims that Home Depot security personnel Davis and Metellus lied in order to subject Mr. Silvera to the humiliation and embarrassment of being arrested and that such behavior is outrageous. Although Home Depot can be charged with any such lies,[4] Mr. Silvera's argument fails because he cannot prove the lies caused his claimed damage. Because Home Depot had probable cause without the statements of Davis and Metellus, those statements were not a cause of Mr. Silvera's arrest. Thus, there is no evidence that the alleged lies, as opposed to the properly executed arrest, in any way caused Mr. Silvera's mental stress.

 Mr. Silvera also claims that Home Depot management conducted a negligent investigation that led to his arrest and that this behavior was outrageous. As noted, no negligence has been shown here. Even if Home Depot had been negligent, however, "Maryland courts have regularly held that in order '[t]o meet the "intentional or reckless" criterion of the first element, the plaintiff must allege and prove that the defendant either *desired* to inflict severe emotional distress, *knew* that such distress was *certain or substantially certain* to result from his conduct, or acted recklessly in deliberate disregard *of a high degree of probability* that the emotional distress will follow.' " *Estate of Alcalde v. Deaton Specialty Hosp. Home, Inc.*, 133 F.Supp.2d 702, 712 (D.Md.2001) (quoting *Foor v. Juvenile Services Admin.*, 78 Md.

App. 151, 552 A.2d 947, 959 (1989)). Negligence does not rise to the level necessary to meet the intentional or reckless aspect of the intentional tort. *Foor*, 552 A.2d at 959.

In addition, Mr. Silvera has no expert witness to testify to his claimed need of mental therapy. Accordingly, he cannot prove the required causal connection to his alleged damages. His own testimony, containing only vague references to visits with a psychologist and a claimed mental anguish and lack of mental drive, Silvera Dep. at 247, 252–255, are insufficient to support his claim under Count V.

### 4. *Conclusion.*

Mr. Silvera has failed to show genuine issues of material fact on any of his claims. Accordingly, Home Depot's motion for summary judgment will be granted.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of March, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion for summary judgment BE, and the same hereby IS, GRANTED;

2. Judgment BE, and the same hereby IS, ENTERED in favor of Home Depot U.S.A., Inc. and against David C. Silvera on all claims; and

3. The clerk is directed to transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.

---

4. Home Depot concedes that if Davis and Metellus lied about their observations, the conduct would meet the tort's outrageous behavior requirement. Reply Mem. at 17.