**Shahrzad ARBABI, Plaintiff**

v.

**FRED MEYERS, INC., t/a Littman Jewelers; Fred Meyers Jewelers, Inc., t/a Littman Jewelers; Fred Meyers Stores, Inc., t/a Littman Jewelers; and Alan Long, Defendants**

**No. CIV. AMD 01–3801.**

United States District Court,
D. Maryland.

May 28, 2002.

---

Thomas McCarthy, Jr., McCarthy and McCarthy, LLC, Annapolis, MD, for Shahrzad Arbabi.

John Henry Lewin, Jr., Venable Baetjer and Howard, LLP, Baltimore, MD, Patricia Costello Slovak, Christine Greener Uhlig, Schiff Hardin and Waite, Chicago, IL, for Fred Myers, Inc., Alan Long.

Thomas H. Strong, Venable Baetjer and Howard, LLP, Baltimore, MD, for Fred Myer Jewelers, Inc.

Todd James Horn, Thomas H. Strong, Venable Baetjer and Howard, LLP, Baltimore, MD, for Fred Myer Stores, Inc.

## MEMORANDUM

DAVIS, District Judge.

This is an employment discrimination case instituted by plaintiff, Shahrzad Arbabi, a former jewelry salesperson, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Plaintiff also asserts a state law claim for intentional infliction of emotional distress.

By order entered on March 12, 2002, I granted, without prejudice, defendants' motion to dismiss. Plaintiff then filed a First Amended Complaint in which

she corrected few of the substantive defects contained in the allegations of the original complaint, and she added two additional defendants, at least one of whom was apparently her actual employer. Accordingly, defendants have filed a further "Motion to Dismiss the First Amended Complaint and/or to Strike Paragraph One, and to Extend the Time to Answer." Plaintiff has filed an opposition memorandum and the matter is ripe for determination. No hearing is needed. The motion shall be treated as a motion for summary judgment because matters outside the pleadings are being considered, without objection by plaintiff, *see Rohan v. Networks Presentation, LLC.*, 175 F.Supp.2d 806, 809 & n. 3 (D.Md.2001), and so considered, the motion shall be granted in part and denied in part.

### Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material for purposes of summary judgment, if when applied to the substantive law, it affects the outcome of the litigation. *Id.* at 248, 106 S.Ct. 2505. Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir.1991). Of course, the facts, as well as justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *Matushita Elec. Indust. Co v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court, however, has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987).

### Individual Liability of Defendant Alan Long

■ Plaintiff concedes that no Title VII claim lies against an individual supervisor. *See Lissau v. Southern Food Service, Inc.,* 159 F.3d 177, 181 (4th Cir.1998). Yet, plaintiff resists dismissal of the Title VII claims asserted against Long, ostensibly on the theory that "Long is being sued vicariously as an employee of the Defendants." *See* Pl.'s Opp. at 3. This explanation makes no sense whatsoever. Nor does the further explanation that "Long is being named as a party in his capacity as a supervisor/agent of the [corporate] Defendants ...." Accordingly, the claims against Long shall be dismissed.

## Amenability to Suit of Defendant Fred Meyer, Incorporated

■ Defendant Fred Meyer, Inc., is a holding company and the parent of plaintiff's actual employer, defendant Fred Meyer Jewelers, Inc. and/or defendant Fred Meyer Stores, Inc. Defendant Fred Meyer, Inc., is not an employer under Title VII because it has fewer than 15 employees. *See* 42 U.S.C. § 2000e(b). In resisting the dismissal of defendant Fred Meyer, Inc., plaintiff cites *Lowery v. Circuit City Stores, Inc.*, 206 F.3d 431 (4th Cir. 2000). *Lowery* is a class action in which defendant Circuit City Stores, Inc., elected not to seek an allocation of claims and damages against itself, on the one hand, and its co-defendant, a wholly-owned subsidiary (which, like Circuit City Stores, Inc., but unlike Fred Meyer, Inc., employed more than 15 persons) based on the actual employer/employee relationship of each class member or class representative. *Lowery* is irrelevant to the argument of defendant Fred Meyer, Inc., that it is not an employer under Title VII. Accordingly, the Title VII claims against Fred Meyer, Inc., shall be dismissed.

## Intentional Infliction of Emotional Distress

■ Plaintiff has purported to assert a claim for intentional infliction of emotional distress under Maryland law in consequence of the harassment she allegedly suffered while employed by defendants. The gravamen of the claim for intentional infliction of emotional distress is illustrated by the following allegations in the First Amended Complaint:

> Plaintiff was continually subjected to derogatory remarks based upon her sex as a female, her religion as a Muslim, and her national origin as an Iranian ...
>
> [Long] made consistent remarks concerning Plaintiff's sex, national origin and race, causing great anxiety ... and [he] directed sales to male and non-Middle Eastern sales associates ... to the financial detriment to the Plaintiff ...
>
> [Long] consistently made remarks concerning Plaintiff's sex and Iranian origin and religious background in front of Plaintiff's customers, causing public embarrassment and shame to be heaped on the Plaintiff, and causing the Plaintiff to financially suffer when customers would not buy jewelry from Plaintiff after these remarks were made ...
>
> As a result of the harassment perpetrated by [Long], Plaintiff's health suffered, and she received medical treatment as a result of the stress which resulted from [the] pattern of harassment towards her ...
>
> [A]fter having endured [the] harassment for a period over five (5) years, Plaintiff was forced to resign her position as sales associate ... due to her dire financial situation as a result of [the] harassment and overt discrimination ...
>
> The harassment and discrimination ... had a substantial and detrimental effect on the Plaintiff's employment, and her physical and emotional and psychological well-being ....

First Amended Complaint, ¶¶ 9, 10, 12, 13, 17, 20, 23.

■ I have described the requirements of the Maryland claim for intentional infliction of emotional distress as follows:

> In order to establish a *prima facie* case for this tort, a plaintiff must allege and prove facts showing that: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the

emotional distress; and (4) the emotional distress was severe. *See Harris v. Jones,* 380 A.2d 611, 614 (Md.1977). It should be emphasized that in Maryland, "the tort of intentional infliction of emotional distress is rarely viable." *Farasat v. Paulikas,* 32 F.Supp.2d 244, 247 (D.Md.1997). Each element must be pled and proved with specificity. *See Foor v. Juvenile Serv. Admin.,* 78 Md. App. 151, 552 A.2d 947, 959 (1989). "It is not enough for a plaintiff merely to allege that they exist; he must set forth facts that, if true, would suffice to demonstrate that they exist." *Id.* (citations omitted). A complaint that fails to allege sufficient facts in support of each element must be dismissed .... [A] deficiency in any one [element] is fatal . . . .

*The Estate of Ellen Alcalde v. Deaton Specialty Hosp. Home, Inc.,* 133 F.Supp.2d 702, 712 (D.Md.2001) (alterations added)(some quotations omitted).

■ "Maryland courts have cautioned that the tort of intentional infliction of emotional distress should be imposed sparingly, and 'its balm reserved for those wounds that are truly severe and incapable of healing themselves.'" *Figueiredo–Torres v. Nickel,* 321 Md. 642, 653, 584 A.2d 69, 75 (1991) (citations omitted). *Solis v. Prince George's County,* 153 F.Supp.2d 793, 804–08 (D.Md.2001). As inappropriate and repulsive as workplace harassment is, such execrable behavior almost never rises to the level of outrageousness, and almost never results in such severely debilitating emotional trauma, as to reach the high threshold invariably applicable to a claim of intentional infliction of emotional distress under Maryland law.

In the instant case, the amended complaint fails to set forth sufficient facts to satisfy even the pleading requirements for this tort. Apart from *Solis, supra,* there is a surfeit of cases in which allegations of the tort have failed to clear the dispositive motion stage; some such cases involve physical invasions of the person of the plaintiff or other truly repugnant intrusions on personal dignity. For a *sample* of the *reported* cases in this district decided *only within the last year, see, e.g., Silvera v. Home Depot U.S.A., Inc.,* 189 F.Supp.2d 304 (D.Md.2002); *Carson v. Giant Food, Inc.,* 187 F.Supp.2d 462 (D.Md.2002); *Green v. Wills Group, Inc.,* 161 F.Supp.2d 618 (D.Md.2001); *Collier v. Ram Partners, Inc.,* 159 F.Supp.2d 889 (D.Md.2001); *Rich v. United States,* 158 F.Supp.2d 619 (D.Md.2001); *Vincent v. Prince George's County, MD,* 157 F.Supp.2d 588 (D.Md. 2001); *Williams v. Prince George's County, MD,* 157 F.Supp.2d 596 (D.Md.2001); *White v. Maryland Transp. Authority,* 151 F.Supp.2d 651 (D.Md.2001); *Robinson v. Cutchin,* 140 F.Supp.2d 488 (D.Md.2001). No doubt fearing that the "standard of care" might require counsel to include such claims in civil rights complaints, some lawyers continue to plead the cause of action where, manifestly (as here), it does not lie. It is not likely, however, that the standard of care is so unrealistic as to require or justify the practice of doing so. In any event, the intentional infliction of emotional distress claim alleged in the case *sub judice* shall be dismissed in accordance with the above cited authorities.

*Remaining Issues*

■ 1. The parties have sparred over the issue whether plaintiff properly exhausted administratively her purported claim for "retaliatory harassment," which is the caption given to count two of the First Amended Complaint. It seems clear, however, that what plaintiff intends to plead in count two is a claim for *constructive discharge* rather than a claim for *retaliatory discharge.* This is made plain by virtue of plaintiff's allegation that she "was forced to resign her position ... due to her dire financial situation ... as a

result of [the] harassment and overt discrimination." First Amended Complaint at ¶ 20. *See Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 191 (4th Cir.2001) (elements of a constructive discharge claim); *Amirmokri v. Baltimore Gas & Elec. Co.,* 60 F.3d 1126, 1132 (4th Cir.1995) (same); *Martin v. Cavalier Hotel Corp.,* 48 F.3d 1343, 1353–54 (4th Cir.1995) (same). Accordingly, the case shall proceed on the basis that plaintiff has adequately pled two claims: harassment on the basis of national origin (count one) and constructive discharge (count two). (It is clear that plaintiff did not exhaust any sex discrimination claim; moreover, plaintiff's ostensible religious discrimination claim is almost certainly encompassed by her national origin claim.)

2. Plaintiff alleged in her First Amended Complaint that she "specifically incorporates by reference her original Complaint." First Amended Complaint at ¶ 1. Apparently, plaintiff is afraid that if she fails to make such an allegation, her First Amended Complaint may be deemed not to relate back to the filing of her original complaint. Plaintiff is assured that her First Amended Complaint relates back. On that understanding, defendant's request that paragraph one of the First Amended Complaint be stricken is denied.

*Conclusion*

For the reasons discussed above, I shall grant the motion to dismiss (treated as a motion for summary judgment) in part and deny the motion in part. The remaining defendants shall file their answer on or before June 10, 2002. In the interest of justice and for good cause, I shall, *sua sponte,* refer this case to a Magistrate Judge for pre-discovery ADR proceedings. An order follows.

**ORDER**

In accordance with the foregoing Memorandum, it is this 28th day of May, 2002, by the United States District Court for the District of Maryland, ORDERED

(1) That the "Motion to Dismiss the First Amended Complaint and/or to Strike Paragraph One, and to Extend the Time to Answer" IS GRANTED IN PART AND DENIED IN PART; and it is further ORDERED

(2) That ALL CLAIMS AGAINST DEFENDANT ALAN LONG ARE DISMISSED WITH PREJUDICE; and it is further ORDERED

(3) That ALL CLAIMS AGAINST DEFENDANT FRED MEYER, INC., ARE DISMISSED WITH PREJUDICE; and it is further ORDERED

(4) That COUNT THREE OF THE COMPLAINT ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS DISMISSED WITH PREJUDICE; and it is further ORDERED

(5) That the remaining defendants shall file their answer to the first amended complaint, construed as asserting solely claims for harassment on the basis of national origin and constructive discharge, on or before June 10, 2002; and it is further ORDERED

(6) That the parties shall participate in good faith in any and all ADR proceedings as may be directed by the assigned Magistrate Judge, and shall take such limited and/or informal discovery as may be ordered by the assigned Magistrate Judge to facilitate such ADR proceedings; and it is further ORDERED

(7) That the Clerk shall TRANSMIT copies of this Order and the foregoing Memorandum to the attorneys of record.